## CHARLES W. PARDRIDGE ET AL.
### v.
## PATRICK F. RYAN.

1. GRANTING A NEW TRIAL—Appellee worked for appellants for a stated salary, and a certain share of the profits. Every six months inventories were taken and the profits averaged $6,000. From March to October, 1880, the inventory showed the profits to be $20,000; no good reason was shown for this extraordinary increase. Upon a motion for a new trial, appellants showed that by a mistake of their book-keeper in the final statements, charges for merchandise on the debit side to the amount of nearly $15,000 were omitted; they also gave a reasonable excuse for their failure to show these and other facts of the same import at the trial. *Held*, that the judgment must be reversed and the cause remanded for a new trial.

2. PARTNERSHIP.—As to the question of a partnership between the parties and of the specific terms of the contract upon which the evidence was conflicting, it was the province of the jury to pass upon.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 15, 1884.

Messrs. SWETT, HASKELL & GROSSCUP, for appellants; as to when a new trial should be granted, in cases of surprise and fraud, cited 2 Bouv. Law Dic. [293; Wilson v. Brandon, 8 Ga. 136; Arthur v. Mitchell, 18 Miss. 326; Farbrilius v. Cook, 3 Burrow, 1771; Thurtell v. Beaumont, 1 Bingham, 339; Morrell v. Kimball, 1 Greenleaf, 322; 1 Graham & W. N. Tr. 178; Martyn v. Podger, 5 Burr. 2,631; Peagram v. King, 2 Hawks, 605; Houston v. Smith, 6 Ired. Eq. 264; Burgess v. Lovengood, 2 Jones Eq. 457; McNorton v. Robertson, 9 Ired. Eq. 256.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; that the verdict should not be disturbed, cited Rogers v. The People, 98 Ill. 581; Bishop v. Busse, 69 Ill. 403; Hubbard v. Rankin, 71 Ill. 129; C., B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; S. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Simons v. Waldron, 70 Ill. 281;

Connolly v. The People, 81 Ill. 379; Chapman v. Burt, 77 Ill. 337; Howitt v. Estelle, 92 Ill. 218; Lewis v. Lewis, 92 Ill. 237; Wright v. Gould, 73 Ill. 56; Edgmon v. Ashelby, 76 Ill. 161; Bowen v. Rutherford, 60 Ill. 41; R. R. I. & St. L. R. R. Co. v. Rose, 72 Ill. 183.

WILSON, J.   This case grows out of a controversy between the parties as to the amount which appellee, the plaintiff below, is entitled to as his compensation for services rendered by him as manager of appellant's store, known as the New York store, in the city of Chicago.   His claim is that he was made manager of the store in February, 1875, on a designated weekly salary, but with an agreement that as soon as the stock of goods on hand should have been paid for out of the profits of the business he should have a third of the net profits for his compensation; that no rent was to be charged, the building in which the store was located being owned by the Pardridges; that in the summer of 1878 a question arose between the parties as to the extent of Ryan's share of the profits, he claiming it was to be one third, the Pardridges that it was to be one fourth; that they finally agreed to call it one fourth of the profits and $25 a week; and appellee claims that this was to apply from the time the stock was paid for, under the terms of the original agreement, down to October 11, 1880, when his connection with the business ceased.

Appellants claim that rent, at the rate of $4,000, was to be charged for the store, and that appellee's weekly salary was to come out of his share of the profits.

The evidence tends to show that, as the business proceeded, inventories were taken from time to time, showing the accumulation of more or less profits, down to October 11, 1880, when appellee left, and subsequently brought the present suit, in which he recovered a verdict and judgment for $11,450. The defendants moved the court for a new trial, which being denied, they appealed to this court.

Aside from the amount of the verdict, we find no material errors in the record.   As to the question of partnership, and

the specific terms of the contract between the parties, there was conflicting evidence, which it was the province of the jury to pass upon. But as to the amount of the verdict, we can not, by any calculation which we are able to make, find any sufficient evidence upon which to base it, except upon the hypothesis that the profits of the store from March 11, 1880, to October 11, 1880, amounted to the sum of $20,000, or thereabouts.

It appears that they were in the habit of taking an account of stock, and making a statement of the results of the business, at the end of each six months, and that the half yearly profits for the two years next immediately preceding the period between March and October, 1880, averaged in round numbers, about $6,000. No sufficient cause is shown for so large and sudden an increase in the profits, as that claimed by appellee from March to October, especially as it does not appear that the amount of goods sold was materially larger than former stocks, nor that there had been any change in the mode of business, or other attending circumstances. It is true the time was seven months instead of six, but this can not be regarded as sufficiently accounting for the extraordinary increase.

The explanation furnished by appellants is that in making up the final statement, the book-keeper, by mistake, omitted in the debit side of the account, charges for merchandise to the amount of nearly $15,000, which if included in the account would lessen the credit side, and consequently the profits to be divided, by that sum; that this mistake happened by reason of certain outstanding bills for goods purchased by appellee for the store, before the making of the inventory of September 17th, the bills not having then been sent in for payment, and some $8,000 or $10,000 for goods purchased by appellee after September 17th, the bills of which had been O K-ed by appellee himself, and all of which were paid for by appellants, and were properly chargeable in the store account. These facts, as also a reasonable excuse for appellants' failure to show them at the trial, were, we think, sufficiently made to appear on the hearing of appellants' motion for a new trial,

to have required the court to grant such motion. Appellee must be presumed to have known of the purchase of goods bought by himself; and whether he intentionally concealed the fact of such purchase, or otherwise, the effect upon the rights of appellants was the same. We can not permit a judgment to stand, which, if the showing made by appellants, in their motion for a new trial, shall be substantiated by proof, would be grossly unjust.

The judgment is reversed and the cause remanded to the court below.

Reversed and remanded.